**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1551**

FRANCISCO ROMERO,

        Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 27, 2019                Decided: March 6, 2019

Before WILKINSON and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, YACUB LAW OFFICES, LLC, Woodbridge, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Melissa K. Lott, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Romero, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of his application for special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2160 (1997). The IJ pretermitted Romero's NACARA application on the ground that Romero failed to establish that he had not been convicted of an aggravated felony.

In 1985, Romero was convicted of "sell/furnish/etc. marijuana, hash" in violation of Cal. Health & Safety Code § 11360(a) (West 1975). After conducting a de novo review of the legal issues raised in Romero's brief, we uphold the agency's finding that Cal. Health & Safety Code § 11360(a) is divisible, as it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States,* 136 S. Ct. 2243, 2249 (2016); *cf. United States v. Martinez-Lopez,* 864 F.3d 1034, 1043 (9th Cir.) (en banc), *cert. denied,* 138 S. Ct. 523 (2017) (finding similar California controlled substance statute divisible). Because the record of conviction is inconclusive as to whether Romero's offense constituted an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (2012), we agree that Romero failed to establish his eligibility for relief. *See* 8 C.F.R. §§ 1240.61(b), 1240.66(a), (b) (2018); *Mondragon v. Holder,* 706 F.3d 535, 545 (4th Cir. 2013) (noting that "the presentation of an inconclusive record of conviction . . . is insufficient to meet an alien's burden of demonstrating eligibility for cancellation of removal"). We therefore

2

uphold the agency's denial of Romero's application for special rule cancellation of removal under NACARA for the reasons stated by the Board. *In re Romero* (B.I.A. Apr. 18, 2018).

Additionally, we have considered the various bases for Romero's claim that the IJ's conduct at the merits hearing violated his due process rights. To succeed on a procedural due process claim, Romero must demonstrate "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey,* 535 F.3d 243, 256 (4th Cir. 2008); *accord Rusu v. INS,* 296 F.3d 316, 320-22 (4th Cir. 2002). A reviewing court may find prejudice only "when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Rusu,* 296 F.3d at 320 (alteration and internal quotation marks omitted); *accord Nardea v. Sessions,* 876 F.3d 675, 681 (4th Cir. 2017). As found by the Board, Romero cannot demonstrate prejudice from any alleged defect in the proceedings as he ultimately failed to demonstrate his eligibility for relief under NACARA.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*